Dear Mr. Landry:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Iberia Hospital District No. 1 d/b/a Iberia Medical Center (IMC), you have asked for our opinion on several questions related to a physician employment contract. Specifically you ask the following:
 1) Does a sign-on bonus of $25,000.00 violate Article VII, Section 14 of the Louisiana Constitution or any other state law?
 2) Is the productivity compensation formula attached in Schedule 5.1 authorized by state law?
 3) For the physician's participation in the state parochial retirement program, is it legal for the hospital to limit the physician's participation in said program to his base salary as defined in his contract?
With respect to your first question, Louisiana Constitution Article VII, Section 14provides the following:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has consistently opined that payments of gratuitous unearned payments to public employees or officials are prohibited, as the same are tantamount to donations. See Attorney General Opinions 92-295, 92-282, 89-190, 88-344, 96-639, 83-940A, 81-1329 and 80-806. *Page 2 
We also note that various attempts to disguise constitutionally prohibited extra compensation were found improper. Nevertheless, this office has previously recognized that Louisiana Constitution ArticleVII, Sec. 14 does not prohibit the retroactive payment of earned compensation. See generally Attorney General Opinion Nos. 97-394, 95-323, 95-165A, 94-241, 78-1526. Furthermore, this office is of the opinion that Louisiana Constitution Article VII, Section 14 does not prohibit a prospective payment as part of a compensation package for services to be rendered.
Accordingly, since the proposed $25,000 payment is a prospective payment for services to be rendered and not a retro-active payment, or prohibited extra compensation for past services rendered, we are of the opinion that such a payment does not appear to violate the provisions of Article VII, Section 14. We do recommend, however, that language be added which provides for the return or refund of the proposed $25,000 payment in the event terms of the contract are not fulfilled or in the event the contract is terminated.
Turning attention to your second question, Schedule 5.1 of the submitted employment contract refers to, among other things, a "Productivity Compensation", a "Relocation" advance, and a "Practice Relocation Loan". With respect to the "Relocation" Advance and "Practice Relocation Loan", this office has previously concluded that a municipality may pay the moving expenses of a newly hired employee if the moving expenses were a part of the contract of employment.See Attorney General's Opinion Number 80-656. Accordingly, we are of the opinion that since such the payments are part of the negotiated contract of employment, these payments are acceptable.
With respect to the "Productivity Compensation", this office has previously opined that municipalities may award employees for unusual and meritorious suggestions, actions, procedures and accomplishments. See Attorney General Opinion Nos, 83-940A, 79-1352, 95-210. Further, it has been this office's position that if a proposed award, bonus payment, or salary increase is conditioned on the employee performing duties that are unusual, extraordinary, unexpected, or not required as part of the normal duties of the employee, then the proposed award would be acceptable and not prohibited by Article VII, Section 14. Upon review of the "Productivity Compensation" section, it is this office's opinion that the payment mechanism outlined in this section complies with this office's position on bonus payments/salary increases. As such, we are of the opinion that these payments are also acceptable.
Turning attention now to your third and final question, we note that La. R.S. 11:1946 specifically outlines the employee contribution rate for Plan A of the Parochial Employees' Retirement System of Louisiana. La. R.S. 11:1946 provides as follows: *Page 3 
 "Each member of Plan A shall contribute an amount equal to 9.5 percent of his earnings from each and every payment of earnings, which contributions shall be credited to annuity savings fund A."
After speaking with representatives from the Parochial Employee's Retirement System of Louisiana, it was learned that Internal Revenue Code 401 (a)(17) applies to the state's Parochial Employee's Retirement System and sets the maximum salary that can be considered for a defined benefits plan at $225,000 for the year. The $225,000 base salary figure can be adjusted each year in accordance with the limitations set under Internal Revenue Code Section 401(a)(17).
Accordingly, it is the opinion of this office that the hospital may limit the physician's participation in the state parochial retirement program to an amount equal to 9.5 percent of his earnings from each and every payment of earnings, not to exceed the base salary of $225,000 for the year 2007. The amount of base salary should be adjusted each year in accordance with the limitations set under Internal Revenue Code Section401(a)(17).
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:
 MICHAEL J. VALLAN
 Assistant Attorney General
 CCF, JR/MJV/crt